IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| THE OILGEAR COMPANY, OLMSTED PRODUCTS COMPANY LLC<br>   *Plaintiffs*<br><br>v.<br><br>TENET HYDRAULICS CO., SMITH PROPERTY INVESTMENTS, LLC, DERRICK MARRANCA, JESSE KLINE, and DUDLEY SMITH<br>   *Defendants*. | Civil Action No. 1:19–cv–526 |

**STIPULATED PERMANENT INJUNCTION AND FINAL JUDGMENT**

  Plaintiffs The Oilgear Company and Olmsted Products Company, LLC (collectively, "Plaintiffs") and Defendants Tenet Hydraulics Co. ("Tenet"), Smith Property Investments, LLC ("SPI"), Derrick Marranca ("Marranca"), Jesse Kline ("Kline"), and Dudley Smith ("Smith") (collectively, Tenet, SPI, Marranca, Kline, and Smith are referred herein as "Defendants") hereby stipulate and agree, as part of the resolution of the above-styled and captioned civil action, to the entry of an Order of Permanent Injunction and Final Judgment under the terms described herein.  In support of this stipulation, the Parties state:

  1.  The parties stipulate and agree that Plaintiffs filed a lawsuit alleging that Defendants misappropriated trade secrets from Plaintiffs, among other allegations;

  2.  The parties hereby stipulate and agree that this Court has jurisdiction over the parties and the subject matter in this case;

149761669.1

3. The parties hereby stipulate and agree that venue is proper in this judicial district;

4. The parties hereby stipulate and agree that they wish to resolve all issues and claims for relief raised or which could have been raised at a hearing or final trial on Plaintiffs' Amended Complaint and, as part of that resolution, the parties wish to enter into a Stipulated Permanent Injunction;

5. The parties hereby stipulate and agree that this Stipulated Permanent Injunction meets the requirements of law, is enforceable order of the Court, and Defendants hereby agree to the entry of a Permanent Injunction under such terms as are set forth herein, and further consent to the form and substance of this Stipulated Permanent Injunction;

6. By agreeing to this Stipulated Permanent Injunction, the parties jointly and respectfully request this Court to enter this as an order of permanent injunction;

7. The parties hereby stipulate and agree that Defendants have waived any appeal of the Stipulated Permanent Injunction;

8. By their respective signatures set out below, the Court finds that the parties have reached agreement on the terms of a settlement and permanent injunction;

9. The Court shall retain jurisdiction of this action to the extent necessary to ensure full compliance with all obligations imposed by the Stipulated Permanent Injunction, including the enforcement of the Stipulated Permanent Injunction by way of contempt or otherwise. The obligations of the parties, as set forth in the Stipulated Permanent Injunction, shall be enforced, if necessary, exclusively by this Court.

The Court, therefore, **ORDERS** that Defendants and their respective agents, designees, and all persons in active concert or participation with them:

1. Shall not use, obtain, access, possess, retain, transmit, copy, or disclose any documents or electronically stored information that was obtained from Plaintiffs' internal computers systems by Dudley Smith, Jeff Insch, Jesse Kline, Derrick Marranca, or any other current or former employee of Plaintiffs;

2. Shall not access any portable data storage devices containing documents or electronically stored information that was obtained from Plaintiffs' internal computers systems by Dudley Smith, Jeff Insch, Jesse Kline, Derrick Marranca, or any other current or former employee of Plaintiffs;

3. Shall not, directly or through any other person, obtain access or access any of Plaintiffs' computers, servers, internal computer networks, or online accounts owned or controlled by Plaintiffs;

4. Shall treat as confidential and shall not directly or indirectly disclose, communicate, publish, transfer or provide to any other person any documents, electronically stored information, or other materials that: (1) were originally obtained in the course of any person's employment or in the course of any other past contractual or business relationship with Oilgear; (2) are marked as Oilgear's confidential information or that are known to have originated from Oilgear but have been provided by a non-party to this Action; (3) were obtained by any party through formal discovery in conjunction with this Action; or (4) that contain or pertain to intellectual property assigned to Oilgear by Defendants. This Section specifically includes any and all engineering drawings (installation (I-drawings), assembly (LL-drawings) or other detailed/design drawings) of Oilgear products and encompasses any modified or new drawings that have incorporated Oilgear drawings or other intellectual property. This Section applies to the above-described information obtained by Defendants prior to the entry of this Order and is not intended to restrict Defendants from lawfully obtaining information at a future date.

5. Nothing in this Order prohibits counsel for the Defendants from retaining all papers and documents, in paper and/or electronic format, related to this Action and all work product containing or reflecting discovery material, subject to the terms of this Court's

149761669.1

Amended Stipulated Protective Order.  Further, nothing in this Order prohibits Defendants and their agents from taking actions and steps consistent with the terms of the Parties' Confidential Settlement Agreement and Release.

The Court further **ORDERS** that:

6. Beginning on November 9, 2020 and for the five-year period thereafter (the "Smith Restricted Period"), Smith will not in any capacity engage in Competitive Activity (as defined below), either directly or indirectly (whether as an individual, employee, principal, shareholder, member, agent, partner, consultant, advisor, officer, director or otherwise), provide consultation, or render services to any person engaged in a Competitive Activity that would involve Smith's directing, managing, developing, providing input into, financing (through debt or equity), supporting, or otherwise having responsibility for Competitive Activity conducted anywhere in the world. During the Smith Restricted Period, Smith shall likewise not directly or indirectly sell products or provide any services for any Competitor that may limit the business of Oilgear. For purposes of this Stipulated Permanent Injunction, "Competitor" means any person or entity engaging in Competitive Activity.  For purposes of this Stipulated Permanent Injunction, "Competitive Activity" means any business activity that is competitive with a business activity undertaken by Oilgear as of the date of this Order that involves or relates to hydraulic products and engineered systems for industrial, mobile or Oil & Gas applications. Specifically, the products included within Competitive Activity include valves (Motion Compensation, Anti-Recoil valves, Relief Valves, Shut-off Valves, Cartridge Valves, Prefill & Exhaust Valves, SPM Valves, Regulator, and Solenoid Valves), POD Repair and Services, Cylinders, pumps (Variable Displacement Pumps, Fixed Displacement Pumps, Transfer Barrier Pumps, Injection & Catalyst Pumps, Legacy Pumps, and Pump Configurator), and custom products (Custom Accumulators, Boosting and Regulating System-BARS, Amplifier Controller Cards, and Custom Cylinders). Smith's owning up to 5% of any class of securities of any company, the securities of which are traded on a regular basis on a recognized securities exchange or on a regular basis in an over-the-counter market, will not be deemed a violation of the Stipulated Permanent Injunction. Smith's activities taken with the sole purpose of complying with the terms of the Parties' Confidential Settlement Agreement and Release shall not be deemed a violation of this Stipulated Permanent Injunction.

149761669.1

7. Beginning on November 9, 2020 and for the three-year period thereafter (the "Kline Restricted Period"), Kline will not engage, anywhere in the world, in the manufacture, sale, servicing or repair of products in the motion compensation valve and subsea industry (which shall be defined to encompass Motion Compensation, Anti-Recoil valves, Relief Valves, Shut-off Valves, Cartridge Valves, Prefill & Exhaust Valves, SPM Valves, Regulator, Solenoid Valves, Cylinders, Pumps, and POD Repair and Services), either directly or indirectly (whether as an individual, employee, principal, agent, partner, shareholder, member, consultant, advisor, officer, director or otherwise) or participate in the ownership, management, operation, financing or control of any person of entity that, directly or indirectly, engages in the manufacture, sale, servicing or repair of products in the motion compensation valve and subsea industry, as defined above; provided, however, that owning up to 5% of any class of securities of any company, the securities of which are traded on a regular basis on a recognized securities exchange or on a regular basis in an over-the-counter market, will not be deemed a violation of this Stipulated Permanent Injunction. Kline's activities taken with the sole purpose of complying with the terms of the Parties' Confidential Settlement Agreement and Release shall not be deemed a violation of this Stipulated Permanent Injunction.

For purposes of the numbered paragraphs 1 through 7 above, the term "use," when referring to Defendants' enjoined conduct, includes such use by Defendants' employees, owners, agents, and others in active conert with Defendants. To "obtain," "access," "possess," "retain," "transmit," "copy," or "disclose," when referring to Defendants' enjoined conduct, includes the obtaining, accessing, possessing, retention, transmission, copying or disclosure by Defendants' employees, owners, and agents, and others in active conert with Defendants.  However, nothing in this Order prohibits counsel for the Defendants from retaining all documents, in paper and/or electronic format, related to this Action and all work product containing or reflecting discovery material, subject to the terms of this Court's Amended Stipulated Protective Order.

The Court further ORDERS that this action is dismissed with prejudice, pursuant to FRCP 41(a)(1)(A)(i), and each party shall bear its own costs and attorneys' fees.  This Stipulated Permanent Injunction is a final judgment, disposes of all claims and parties in the above-captioned action, and closes this case.

IT IS SO ORDERED.

SIGNED THIS _____ DAY OF _____ 2020.

_____
Paul L. Maloney
UNITED STATES DISTRICT JUDGE

| AGREED AS TO FORM AND SUBSTANCE: | AGREED AS TO FORM AND SUBSTANCE: |
|---|---|

*/s/ Ann Marie Painter*
Jason R. Elliott
Texas State Bar No. 24050558
Ann Marie Painter
Texas State Bar No. 00784715
PERKINS COIE LLP
500 N. Akard, Suite 3300
Dallas, TX 75201
Telephone: (214) 965-7700
AMPainter@perkinscoie.com
jelliott@perkinscoie.com

M. Craig Tyler
Texas State Bar No. 00794762
PERKINS COIE LLP
500 W 2nd St 1900
Austin, TX 78701
Telephone: (737) 256-6113
CTyler@perkinscoie.com

Pamela Chapman Enslen
WARNER NORCROSS & JUDD
401 E Michigan Ave., Ste. 200
Kalamazoo, MI 49007
Telephone: (269) 276-8112
penslen@wnj.com

**Attorneys for Plaintiffs The Oilgear Company and Olmsted Products Company LLC**

/s/ *James R. Peterson*
James R. Peterson (P43102)
Neil J. Marchand (P73118)

MILLER JOHNSON
45 Ottawa Ave SW Suite 1100
Grand Rapids, MI 49503
616.831.1700
petersonj@millerjohnson.com
marchandn@millerjohnson.com

**Attorneys for Defendants Tenet Hydraulics Co., Smith Property Investments, LLC, Jesse Kline and Dudley Smith, and Derrick Marranca**

149761669.1